Alan J. Reinach, State Bar No. 196899
Church State Council
2686 Townsgate Road,
Westlake Village, CA 91359
805.413-7398
Fax: 805.497-7099
E-mail: ajrliberty@gmail.com

Attorneys for Plaintiff Stuart Massie

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

STUART MASSIE,

                 Plaintiff,

  v.

BLIZZARD ENTERTAINMENT, INC.

             Defendant.

CIVIL ACTION NO.  SACV12 1128 JST (MLGx)

**COMPLAINT FOR COMPENSATORY and PUNITIVE DAMAGES and INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

### Introduction

Plaintiff STUART MASSIE was wrongfully terminated from his position as a producer for the popular game, World of Warcraft, because he submitted text for the "Thanks" portion of the game's manual, listing "Jehovah-Jireh" and "Colossians 3:17", which are religious references. Within about a week of management discovering that he had given thanks in a religious manner, Massie was fired, allegedly for damaging the image and reputation of the company. Despite a record of competent performance, and regular promotions, Massie was summarily discharged on account of wholly innocuous religious expression, in violation of both Federal and State laws against religious discrimination in employment.

-1-

MASSIE v. BLIZZARD ENTERTAINMENT                               COMPLAINT

Plaintiff seeks compensatory and punitive damages together with injunctive relief, including reinstatement to his former position.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Parties

1.      Plaintiff STUART MASSIE was employed by defendant BLIZZARD ENTERTAINMENT, INC. as a producer for the popular game, World of Warcraft. He is a Christian, and a member of the Grace Evangelical Free Church in La Mirada, California. At all times relevant herein, Plaintiff was an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and the California Fair Employment and Housing Act, California Government Code § 12940, *et. seq.*, and is a member of a protected class based on his religion – Christian.

2.      Defendant BLIZZARD ENTERTAINMENT, INC. is a Delaware corporation registered to do business in the State of California, and is an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and the California Fair Employment and Housing Act, California Government Code §§ 12926 and 12940.  With respect to Plaintiff's claims for compensatory and punitive damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Defendant is an employer of more than 500 persons subject to that statute.

MASSIE v. BLIZZARD ENTERTAINMENT                                    COMPLAINT

1

## Jurisdiction and Venue

2    3.    This action is brought to remedy religious discrimination against Plaintiff STUART

3    MASSIE. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act

4    of 1964, as amended, 42.U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of

5    1991, 42 U.S.C. § 1981a.

6

7    4.    Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1337 and

8    1343. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a

9    substantial Federal question, and in the context of employment, a subject of commerce.

10    5.    This court is asked to assert its ancillary jurisdiction over Plaintiff's state law claims

11

12    under the California Fair Employment and Housing Act, arising as they do from the same set

13    of operative facts as his claims under Title VII of the Civil Rights Act of 1964.

14    6.    Venue is proper in the Central District of California pursuant to 42 U.S.C. § 2000e-

15    5(f)(3) because Plaintiff's claim for relief arose out of his employment by Defendant within the

16

17    District, where all relevant events and omissions supporting Plaintiff's claims for relief

18    occurred. Plaintiff also resides in the District.

19    7.    Plaintiff timely filed a charge of religious discrimination with the Equal Employment

20    Opportunity Commission, which was also jointly filed with the California Department of Fair

21

22    Employment and Housing. [Exhibit "A" annexed hereto.] Plaintiff was issued a notice of right

23    to sue from the DFEH, which time is tolled pending the EEOC investigation. [Exhibit "B".]

24    Plaintiff was issued a notice of right-to-sue issued by the EEOC on April 9, 2012. [Exhibit "C",

25    which was received on April 11, 2012.]

26

-3-

**MASSIE v. BLIZZARD ENTERTAINMENT**                                  **COMPLAINT**

27

28

8.      Plaintiff has therefore exhausted his administrative remedies, as required by statute, and this action is timely filed within ninety (90) days of receipt of his EEOC right-to-sue letter.

### Demand for Jury Trial

9.      Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

### FACTUAL ALLEGATIONS

10.     Plaintiff Stuart Massie was employed by Defendant Blizzard Entertainment, Inc , beginning on or about June 7, 2004. He was first hired to work as a Software Analyst.

11.     Between June, 2004 and September, 2008, when he was terminated, Massie enjoyed several promotions, pay increases, and favorable performance evaluations.

12.     In 2008, Massie was serving as a producer, with various responsibilities including charge over the assembly of a game manual for a new version soon to be released. The game manual is a small booklet inserted with the game disk and sold to the general public. About half of the manual is devoted to instructions for the consumer. The other half contains several pages listing those who worked on the project, and additional pages where those working on the project were invited to express "thanks."

13.     In an initial draft of the manual, Massie submitted a "thanks" listing his wife, Mary Massie. As the producer of the manual, his "thanks" were included at the top of the list.

14.     In a later draft of the manual, Massie decided to include the following entries: "Jehovah-Jireh" and "Colossians 3:17."

15.     Because these entries led to Massie's dismissal, it is important to note that they

-4-

MASSIE v. BLIZZARD ENTERTAINMENT                                    COMPLAINT

appeared in six point type, which is about half the size of the type in this document. To illustrate the miniscule size of this type, Massie's entries are reproduced below in Times New Roman, six point type. This complaint is drafted in Times New Roman 13 point type:

Jehovah-Jireh
Colossians 3:17
Mary Massie

16.     Massie's reference to "Jehovah-Jireh" and "Colossians 3:17" were perceived by management to be religious, as indeed they are.

17.     One of Massie's duties was to prepare proposed policies and procedures for the production of future manuals. The manual Massie was responsible for producing was created without the benefit of any written or oral policies or procedures, excepting only that expressions of thanks be limited to three lines, and 26 characters. Massie complied with this requirement.

18.     To Massie's knowledge, there was no policy against including religious references in the "thanks" section of the manual. Expressions of thanks could be serious, humorous or even frivolous. But on information and belief, management made concerted efforts to edit out religious references, evidencing their hostility to religion.

19.     It was also Massie's understanding that the final draft of the manual text would be reviewed by several of defendant's employees. After his submission, Massie expected the manual to undergo a thorough "proofing" process, including review of the layout and design, the colors, and the text. Massie did not deal directly with the printer, but only with the design firm.

20.     On or about September 12, 2008, Massie was confronted by Jeff Donais, the Creative

-5-

Development Department Manager, who appeared to be holding a "proof" of the manual. Donais asked him about how the religious references had been inserted into the manual. Massie explained that he had decided to include these references, somewhat as an afterthought.

21.    A day or two later, Massie was called into the office to meet with Donais and Gloria Soto, a senior producer, and questioned again. During one of these meetings, Massie was called upon to explain the meaning of what he had submitted. He explained that Jehovah-Jireh meant "God is my provider," and that Colossians 3:17 was a biblical reference about giving thanks to God and Jesus.

22.    On September 17th, Massie was summoned for an exit interview. He had been accused of deliberately sidestepping the approval process. This determination had been made without consulting him. The accusation was obviously false, and known to be false at the time it was made.

23.    Massie had submitted the text to the small group who were reviewing the manual. Although Massie never had the opportunity to review the printer's proof, it appears that the religious thanks he submitted was overlooked by those responsible for approving the proof, since his religious thanks made it into the print version of the manual.

24.    One of Massie's responsibilities was to develop policies and procedures for the development of future manuals, but this task was cut short by his summary termination. At the time he submitted his religious thanks, there was no policy, written or spoken, that addressed the content of appropriate thanks. Thanks could be serious or frivolous or ridiculous, but on information and belief, religious expressions were not permitted, and other religious

-6-

**MASSIE v. BLIZZARD ENTERTAINMENT**                                     **COMPLAINT**

expressions were edited out.

25.     On information and belief, Defendant failed and refused to formally express a policy against religious expressions of thanks, knowing that it would be illegal and discriminatory, but chose instead to expunge religious references when submitted. Hence, Defendant's over reaction to Massie's submission was due, in no small measure, to its own failure to spot the submission and delete it from the manual. Thus, management's anger over this innocuous religious expression was exacerbated by its own frustration at failing to spot and delete the reference.

26.     Defendant's decision to terminate Massie was a gross over reaction to an action that did not even violate any company policy! Defendant's fear that Massie's innocuous religious expression would misrepresent the image or attitude of the company, and harm the company's image and/or reputation does not pass the proverbial "laugh test." The expression was buried in six point type in the back of a manual in a section that few consumers ever read!

27.     Defendant's subsequent claim that it would have to spend "millions" of dollars to correct the problem further evidences its passionate discriminatory animus to what must be literally the smallest [six point type] religious expression on record to give rise to conflict. The expression did not require correction, and on information and belief, the Defendant did not actually spend a dime to "correct" the problem.

28.     On information and belief, Massie's expression of thanks did not, in fact, generate any negative comments or have any impact on the company's image or reputation. After diligently searching the internet for comments, Massie was only able to locate a single comment about

-7-

**MASSIE v. BLIZZARD ENTERTAINMENT**                                      **COMPLAINT**

his expression of thanks – and it was a positive comment!

29.    Moreover, on information and belief, the typical teenage videogame consumer is biblically illiterate and cannot recognize the term "Jehovah-Jireh," much less know its religious meaning and significance.  At best, Defendant's customers could be expected to recognize the term "Jehovah" as a name for God. Yet, Defendant permitted another reference to "God" to appear in the list of thanks. Those who would recognize the term and its meaning are, by virtue of that fact, demonstrably literate in biblical terminology, and unlikely to be offended by the expression of thanks to God. Further, the reference to "Colossians 3:17" would have little or no meaning to anyone not biblically literate, and for those who took the trouble to look up the reference, it is entirely benign. It states:

> "And whatsoever ye do in word or deed, do all in the name of the Lord Jesus, giving thanks to God and the Father by him."

30.    Since the simple recitation of thanks to "God" was permitted in the giving of thanks, it appears that Massie's sin was to make a subtle, oblique reference to Jesus.

## FIRST CAUSE OF ACTION

### Religious Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

31.    Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through thirty (30) above, as though repeated and set forth in full herein.

32.    Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e, *et. seq.* makes it unlawful for an employer to discriminate against an employee on the basis of religion. This is first

-8-

**MASSIE v. BLIZZARD ENTERTAINMENT**                              **COMPLAINT**

and foremost, a case of intentional religious discrimination – Defendant terminated Massie on account of his religious expression.

33.     Massie is clearly a member of a protected class based on his religion – Christian. His religion became known to the Defendant on account of his religious expression, or at a minimum, what became known was that Massie had a religion, and was fired for expressing it.

34.     Title VII also requires employers to provide reasonable accommodation for religious practices short of incurring an undue hardship. As interpreted by the Ninth Circuit, this requires employers to make a good faith effort to provide a religious accommodation. *See, e.g.,* EEOC v. Hacienda Hotel, 881 F.2d 1504 (9th Cir. 1989).

35.     Defendant had a legal obligation to accommodate Massie's religious expression, unless that expression would have caused an undue hardship. As alleged herein, Defendant will be unable to demonstrate that Massie's religious expression had any impact on the company whatsoever, much less causing a hardship, whether undue or otherwise.

36.     Defendant assumed that Massie's religious expression would have a negative impact, but this assumption was unreasonable, and had no basis in fact or reality.

37.     Moreover, Defendant's action in terminating Massie for an action which Massie could not have known would be unwelcome by the employer is so far disproportionate to the offense as to constitute a flagrant willful violation of Massie's rights to be free of religious discrimination.

-9-

**MASSIE v. BLIZZARD ENTERTAINMENT**                                                    **COMPLAINT**

38.     As a proximate result of Defendant's discriminatory actions against Massie, as alleged above, Plaintiff has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

39.     As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff Massie has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

40.     Because Defendant's discriminatory actions were done maliciously and in reckless and wanton indifference to Plaintiff's civil rights, Plaintiff seeks punitive damages sufficient to punish defendant, and to send a clear signal that such intentional and flagrant discrimination will not be tolerated in the State of California.


### SECOND CAUSE OF ACTION

**Religious Discrimination in Violation of
California FEHA – Government Code Section 12940**

41.     Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through forty (40) above, as though repeated and set forth in full herein.

42.     Pursuant to the California Government Code, § 12940, *et seq.*, it is an unlawful employment practice:

> (a)     For an employer, because of the ... religious creed  ... of any person, to ... discriminate against the person in compensation or in terms, conditions, or privileges of employment.

-10-

1   This is first and foremost, a case of intentional religious discrimination – Defendant terminated

2   Massie on account of his religious expression.

3   43.   Massie is clearly a member of a protected class based on his religion – Christian. His

4   religion became known to the Defendant on account of his religious expression, or at a minimum,

5   what became known was that Massie had a religion, and was fired for expressing it.

6
7   44.   The Fair Employment and Housing Act further provides, California Government Code §

8   12940, that it is illegal:

9           (l)   For an employer … to discriminate against a person in compensation or
10      in terms, conditions, or privileges of employment because of a conflict between
        the person's  religious belief or observance and any employment requirement,
11      unless the employer … demonstrates that it has explored any available reasonable
        alternative means of accommodating the religious belief or observance, including
12      the possibilities of excusing the person from those duties that conflict with his or
        her religious belief or observance or permitting those duties to be performed at
13      another time or by another person, but is unable to reasonably accommodate the
        religious belief or observance without undue hardship on the conduct of the
14      business of the employer or other entity covered by this part….

15

16   45.   California Government Code § 12926 (s) further clarifies the statutory obligation to

17   provide reasonable religious accommodation short of an undue hardship by defining such a

18   hardship as "an action requiring significant difficulty or expense."

19
20   46.   Defendant had a legal obligation to accommodate Massie's religious expression, unless

21   that expression would have caused an undue hardship. As alleged herein, Defendant will be

22   unable to demonstrate that Massie's religious expression had any impact on the company

23   whatsoever, much less causing a hardship, whether undue or otherwise.

24
25   47.   Defendant assumed that Massie's religious expression would have a negative impact,

26                                                    -11-

27   **MASSIE v. BLIZZARD ENTERTAINMENT**                              **COMPLAINT**

28

but this assumption was unreasonable, and had no basis in fact or reality. On information and belief, Defendant will be unable to meet its evidentiary burden to prove that Massie's religious expression resulted in a "significant difficulty or expense." Despite its vehement hostility to Massie's religious expression, Defendant chose not to incur the expense of reprinting the manual. The expense of a "hypothetical" act, such as the reprint of the manual, cannot constitute an undue hardship, since this expense was not actually incurred.

48.     Moreover, Defendant's action in terminating Massie for an action which Massie could not have known would be unwelcome by the employer is so far disproportionate to the offense as to constitute a flagrant willful violation of Massie's rights to be free of religious discrimination.

49.     As a proximate result of Defendant's discriminatory actions against Massie, as alleged above, Plaintiff has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

50.     As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff Massie has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

51.     California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute.  Government Code § 12965(b) provides that reasonable attorney's fees and costs are recoverable herein by the prevailing party in an action under the Fair Employment and Housing Act.  As a result, Plaintiff is entitled to

-12-

**MASSIE v. BLIZZARD ENTERTAINMENT**                              **COMPLAINT**

1  reasonable attorney's fees and costs.

2  52.     Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent

3  and oppressive, and were committed with an improper and evil motive to injure Plaintiff,

4  amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to

5  recover punitive damages from Defendant in an amount according to proof.

6

7

8                                    **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiff Stuart Massie respectfully requests that this Court:

10       1.      Grant a permanent injunction enjoining Defendant, its agents and employees, and

11               all persons acting in active concert or participation with it, from engaging in

12               religious discrimination and retaliation and any other employment practice which

13               discriminates on the basis of religion.

14       2.      Order Defendant to institute and carry out policies, practices, and programs

15               which provide Equal Employment Opportunities for religious observance and

16               which eradicate the effects of its past and present unlawful employment

17               practices.

18       3.      Order Defendant to make Plaintiff Stuart Massie whole by providing appropriate

19               back-pay with pre-judgment interest, in amounts to be determined at trial, and

20               other affirmative relief necessary to eradicate the effects of its unlawful

21               employment practices, including but not limited to reinstatement of Stuart

22               Massie.

23       4.      Order Defendant to make Plaintiff Stuart Massie whole by providing

24               compensation for future pecuniary losses ["Front pay"] resulting from the

25

26                                          -13-

27  **MASSIE v. BLIZZARD ENTERTAINMENT**                          **COMPLAINT**

28

unlawful employment practices described above, in amounts to be determined at trial.

5.  Order Defendant to make Plaintiff Stuart Massie whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

6.  Order Defendant to pay Plaintiff punitive damages sufficient to make an example of and to punish the Defendant.

7.  Order Defendant to pay Plaintiff's reasonable attorney's fees and costs.

8.  Grant such further relief as this Court deems just and proper.

Dated:      July 5, 2012
            Westlake Village, California


                                    Respectfully submitted,


                                    CHURCH STATE COUNCIL


                                    _____
                                    By: Alan J. Reinach, Esq.
                                    Attorney for Plaintiff Stuart Massie

**MASSIE v. BLIZZARD ENTERTAINMENT**                              **COMPLAINT**

# Exhibit A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2008-04658 |

**California Department Of Fair Employment & Housing** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| MR. STUART W. MASSIE | (714) 323-4781 | 08-15-1983 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10407 Bogardus Ave. Apt. 12, Whittier, CA 90603 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| BLIZZARD ENTERTAINMENT | 500 or More | (949) 955-1380 |

| Street Address | City, State and ZIP Code |
|---|---|
| 16215 Alton Parkway, Irvine, CA 92618 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **09-17-2008** Latest **09-17-2008**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired as a Software Analyst on 6/7/04. Sometime in August 2008 I coordinated the generation of a Company game manual where I wrote a religious in nature statement in the "special thanks" section at the top of that section (which appears after the credits, at the end of the manual). I was subsequently discharged on 9/17/08.

II. During my exit interview with the Director of Creative Development Jeff Donais, the Vice-President of Creative Development Chris Metzen and the Human Resources Manager Erika Sayre-Smith, I was told that I deliberately sidestepped the approval process and misrepresented Blizzard Entertainment and hurt the Creative Development's credibility by making my "thanks religious in nature".

III. I believe I was discriminated against because of my religion/Christian in violation of Title VII of The Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11, 21, 08
Date

*Stuart Massie*
Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

**Exhibit B**

STATE OF CALIFORNIA – State and Consumer Services Agency

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ **H**  4800 Stockdale Hwy., Suite 215
Bakersfield, CA 93309
(661) 395-2729

☐ **C**  1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **R/S/T**  611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☐ **M**  1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E**  2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D**  1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☒ **A**  San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G**  2570 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0344

☐ **K**  2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Ms. Erika Sayre-Smith
Senior Manager, Global, H. R.
BLIZZARD ENTERTAINMENT
16215 Alton Parkwya
Irving, CA 92618

Mr. Stuart W. Massie
10407 Bogardus Ave., Apt. 12
Whittier, CA 90603

**EEOC Number:** 480-2008-04658

Mr. Stuart W. Massie vs. BLIZZARD
ENTERTAINMENT

**Date:** November 25, 2008

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

No response to the DFEH is required by the respondent.

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember:  This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

*Jennifer Harlan*

JENNIFER L. HARLAN
Deputy Director, Employment

DFEH-200-02 (08/08)

# Exhibit C

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Stuart W. Massie<br>10407 Bogardus Ave. Apt. 12<br>Whittier, CA 90603 | From: | San Diego Local Office<br>555 W. Beech Street<br>Suite 504<br>San Diego, CA 92101 |
|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2008-04658 | Melissa A. Hudson,<br>Investigator | (619) 557-7281 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Maria B. Stern-Knowlton,
Local Office Director

4/9/12
*(Date Mailed)*

cc:

| Erika Sayre-Smith<br>Senior Manager, Global, H.R.<br>BLIZZARD ENTERTAINMENT<br>16215 Alton Parkway<br>Irvine, CA 92618 | Sharon Bauman, Esq.<br>MANATT, PHELPS & PHILLIPS<br>One Embarcadero Center<br>30th Floor<br>San Francisco, CA 94111 |
|---|---|

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you** *receive* **this Notice.** Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| STUART MASSIE | BLIZZARD ENTERTAINMENT, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Alan J. Reinach, Esq. SBN 196899<br>Church State Council<br>2686 Townsgate Road, Westlake Village, CA 91361<br>805-413-7398 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ TO BE DETERMINED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 2000 e, Title VII of the Civil Rights Act of 1964

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:    SACV12 1128

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Alan U Reinach_          Date   July 5, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1128 JST (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

> Alan J. REinach, Esq. SBN 196899
> Church State Council
> 2686 Townsgate Roda
> Westlake Village, CA 91361
> 805-413-7398

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

---

| | CASE NUMBER |
|---|---|
| STUART MASSIE | |
| PLAINTIFF(S) | SACV12 1128 JST(MLGx) |
| v. | |
| BLIZZARD ENTERTAINMENT, INC. | **SUMMONS** |
| DEFENDANT(S). | |

---

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within _____21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, ___Alan J. Reinach_____, whose address is ___2686 Townsgate Road, Westlake Village, CA 91361_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: ___JUL 1 1 2012_____

Clerk, U.S. District Court

**JULIE PRADO**

By: _____

Deputy Clerk

(Seal of the Court)

1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                 **SUMMONS**